UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ROBERT BOWEN, | ) | |
|---|---|---|
| | ) | Case No. 1:26-cv-53 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Steger |
| HAMILTON COUNTY SHERIFF'S | ) | |
| OFFICE and HAMILTON COUNTY JAIL | ) | |
| AND DETENTION CENTER, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Bowen, a prisoner housed in the Hamilton County Jail and Detention Center ("Jail") has filed a letter to the Clerk, which was docketed as a civil rights complaint [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis* [Doc. 4], **DISMISS** the current Defendants, and **PERMIT** Plaintiff to file an amended complaint.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court will **GRANT** this motion [Doc. 4].

The Court will **ASSESS** Plaintiff the civil filing fee of $350.00 and **DIRECT** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when

such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court will **DIRECT** the Clerk to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. SCREENING OF COMPLAINT

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

B.  Analysis[1]

First, Plaintiff identifies the Hamilton County Sheriff's Office and the Jail as possible Defendants. [*See generally* Doc. 1]. But neither a Sheriff's Office nor a Jail are entities that are subject to suit under 42 U.S.C. § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983")(citing Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Therefore, the Court will dismiss Defendants.

Second, Plaintiff asks the Court to "send [him] some information relating to [his] questions" about (1) his friend's desire to pursue charges against officers for excessive force and the destruction of property; (2) the delay Plaintiff has faced in going to trial; (3) the possibility of a case against the Hamilton County District Attorney for the use of officers to deny Plaintiff his freedom of speech; (4) any claim against Plaintiff's arresting officers for excessive force; and (5) a possible case against the Jail related to the conditions of confinement. [*See generally* Doc. 1]. However, Plaintiff cannot raise his friend's legal issues in this action. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner . . . is limited to asserting alleged violations of

---

[1] As noted above, Plaintiff did not file a document captioned as a "complaint." [*See generally* Doc. 1]. But after Plaintiff filed his letter to the Clerk, the Clerk mailed him a Notice advising him that the Court was in receipt of his complaint and that he must remit the filing fee or submit a motion to proceed *in forma pauperis* if he wanted this case to proceed. [Doc. 2]. Thereafter, Plaintiff filed a motion for leave to proceed *in forma pauperis* and accompanying documents, thus indicating his desire to pursue this litigation. [Doc. 4]. Accordingly, the Court construes Plaintiff's letter as a civil rights complaint under 42 U.S.C. § 1983. *See* FED. R. CIV. P. 3 (providing that "[a] civil action is commenced by filing a complaint with the Court.").

his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). And as to Plaintiff's remaining allegations, it appears that Plaintiff seeks to raise unrelated claims against different defendants, which he must do in separate § 1983 actions.[2]

While a plaintiff may join as many claims as he has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Thus, Rule 20 does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

---

[2] Plaintiff appears to recognize that some of his claims need to be brought in separate actions, as his letters reference his belief that he has three viable cases. [*See* Doc. 1 at 2].

Accordingly, **if** Plaintiff desires to proceed with this action, he **must** file an amended complaint within **fourteen (14) days** of entry of this Order that contains a short and plain statement of specific facts setting forth exactly how his constitutional rights have been violated, the specific party(ies) responsible for that violation, any injury(ies) he has suffered, and his request for relief. Plaintiff must avoid conclusory legal statements or arguments in this amended complaint. The Court will **DIRECT** the Clerk to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he includes claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in the amended complaint he files, the Court will presume that Plaintiff intends to proceed as to his first listed claim and those claims that are properly joined with that first claim, and the Court will summarily **DISMISS** any misjoined claims without prejudice.

The Court **NOTIFIES** Plaintiff that it will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such claims. Further, the Court **NOTIFIES** Plaintiff that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

If Plaintiff does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

The Court **NOTIFIES** Plaintiff that it **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Defendants Hamilton County Sheriff's Office and Hamilton County Jail and Detention Center are **DISMISSED**;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within **fourteen (14) days** in accordance with the directives stated above **if** he desires to further pursue this action;

7. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

8. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

> */s Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY, JR.**
> **UNITED STATES DISTRICT JUDGE**